1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDMUNDO PARDO RUBI,

            Petitioner,

   v.

JEFFREY WRIGLEY, Warden, et al.,

            Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

1:07-cv-00641-LJO-TAG HC

FINDINGS AND RECOMMENDATIONS TO
DISMISS AND DENY PETITION FOR WRIT
OF HABEAS CORPUS AND TO DENY ALL
PENDING MOTIONS AS MOOT

(Docs. 1, 5, 8, 9, 12, 15, 16, 18, & 19)

ORDER DIRECTING OBJECTIONS TO BE
FILED WITHIN TWENTY DAYS

       Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

       Petitioner filed the instant federal petition on April 27, 2007.  (Doc. 1).  The petition alleges that on February 13, 2006, Petitioner was sentenced for convictions for mail fraud, wire fraud, and conspiracy to launder money.  (Doc. 1, p. 42).  In addition to his sentence, the length of which Petitioner never specifies, the trial court ordered Petitioner to pay restitution in the amount of $12,483,000.  (Id.).

       Apart from these scant facts, the Court is able to glean little else from the instant petition, a 107-page tome that is surprisingly opaque considering the abundant extraneous information and legion legal authority contained therein.  At various points, Petitioner indicates that he is a citizen of the "California Republic" and not subject to the Court's jurisdiction.  (E.g., Doc. 1, p. 65). Indeed, Petitioner dedicates several pages to an explanation of why the United States District

1

1  Court lacks jurisdiction over criminal cases.[1]  (Doc. 1, pp. 16-19).

2       In the portion of the petition labeled "Why Respondent's Restraint of the Petitioner is

3  Illegal," Petitioner lists three grounds: (1) the prosecution failed to disclose "the true nature and

4  cause of action against the Petitioner," including disclosure of the parties in interest, venue, and

5  jurisdiction of the federal court to prosecute him; (2) this Court is required by law to force the

6  disclosure of said information to Petitioner; and (3) Petitioner is incarcerated as a result of

7  "unlawful process, misapplication of law and civil rights" and was the victim of vicious

8  prosecution.  (Doc. 1, pp. 37-38).  At other points in the petition, however, Petitioner alleges that

9  he was abducted from the Phillippines and brought to the United States for prosecution

10  unlawfully (id. at p. 55), the trial judge misapplied the money laundering statute (id. at p. 59), the

11  trial court illegally ordered restitution (id. at p. 61), the federal court's lack jurisdiction (id. at

12  p. 64), and the judgment is void for lack of personal and subject matter jurisdiction (id. at p. 65).

13  At another juncture, Petitioner apparently contends that he is factually innocent of the charges for

14  which he was convicted.  (Id. at Attachment, p. 15).

15       While it is not entirely clear to the Court whether Petitioner actually intends to assert all

16  or only some of these various claims as a basis for granting relief in these proceedings, the

17  common theme among all of these claims is that Petitioner clearly challenges the fact of his

18  conviction and sentence in each and every one.  As indicated more fully below, the Court

19  determines that Petitioner is in fact challenging his conviction, and therefore these claims should

---

[1]It is beyond dispute that the United States District Court has original jurisdiction, exclusive of the courts of the States, over all offenses against the laws of the United States, including those in the United States Code.  18 U.S.C. § 3231.  In U.S. v. Tuuri, 26 F.3d 135 (9th Cir. 1994), 1994 WL 242125, *1, the Ninth Circuit rejected as frivolous a defendant's claim that the federal court lacked jurisdiction to require him to produce tax documents because he was not a citizen of the United States but rather a citizen only of the "California Republic."  Other federal courts, considering similar claims of lack of jurisdiction regarding citizens of various "sovereign" states, have reached identical conclusions.  E.g., U.S. v. Lorenzo, 995 F.2d 1448 (9th Cir. 1993)(in tax evasion case, defendants' contention that, as citizens of the "Sovereign Kingdom of Hawaii," they were not subject to federal court's jurisdiction was without merit); U.S. v. Rhoiney, 2002 WL 31987473, *3 (D.Kan Dec. 17, 2002) (defendant's claim that the court lacked jurisdiction to prosecute him for narcotics offenses because he is a resident of the "sovereign" State of Kansas was frivolous); U.S. v. George, 127 F.3d 1107, 1997 WL 669900, *1 (9th Cir. Oct. 27, 1997)(defendant's claim of lack of jurisdiction to prosecute him for narcotics offenses because he is a citizen of the "Sovereign State of Oregon" was frivolous); U.S. v. Price, 798 F.2d 111, 112 (5th Cir. 1986)(in tax evasion case, defendant's claim of "special status" as citizen of Texas such that he was not subject to federal laws had "no legal merit").

1   have been brought in the sentencing court as a motion pursuant to 28 U.S.C. § 2255.  Thus, the

2   Court will recommend that the instant petition be dismissed and that all pending motions be

3   denied as moot.

4                                   **REVIEW OF CLAIMS**

5          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a

6   preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition

7   "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief."

8   Rule 4 of the Rules Governing 2254 Cases.  Under § 2243, it is the duty of the Court to screen

9   out frivolous applications and to eliminate the burden that would be placed on the respondent by

10  ordering an unnecessary answer.  <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970); <u>see</u> Advisory

11  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory

12  Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas

13  corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or

14  after an answer to the petition has been filed.

15         Habeas corpus petitions must meet heightened pleading requirements.  <u>McFarland v.</u>

16  <u>Scott</u>, 512 U.S. 849, 856, 114 S.Ct. 2568 (1994); <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th

17  Cir. 1990).  The petitioner shall set forth in summary form the facts supporting each of the

18  grounds specified and shall state the relief requested.  Rule 4 of the Rules Governing Section

19  2254 Cases.  A petition may be dismissed if the factual allegations are so palpably incredible or

20  so patently frivolous or false as to warrant summary dismissal.  <u>Blackledge v. Allison</u>, 431 U.S.

21  63, 78, 97 S.Ct. 1621(1977).

22                                      **DISCUSSION**

23         A.  <u>Petitioner's Claims Must Be Raised In A Motion Pursuant To § 2255.</u>

24         A federal prisoner who wishes to challenge the validity or constitutionality of his

25  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

26  under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988);  <u>Thompson v.</u>

27  <u>Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd Cir. 1997);

28  <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing

1   court has jurisdiction.  Tripati, 843 F.2d at 1163.    A prisoner may not collaterally attack a

2   federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

3   U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at

4   1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

5          In contrast, a federal prisoner challenging the manner, location, or conditions of that

6   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

7   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

8   177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

9   States v. Jalili, 925 F.2d 889, 893-994 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-

10  479 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v.

11  United States, 610 F.2d 672, 677 (9th Cir. 1980).

12         Here, Petitioner is clearly challenging the validity and constitutionality of his conviction

13  rather than an error in the administration or execution of his sentence.  Although the Court is not

14  able to determine with precision which of the many claims scattered throughout the petition are

15  the definitive claims Petitioner wishes to raise in this Court, the Court is able to determine that

16  all of those claims raised in the instant petition have the common goal of challenging the original

17  conviction and sentence for which Petitioner is currently confined.  Therefore, the appropriate

18  procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241.

19  Although Petitioner has indicated that his petition is pursuant to § 2241,  a petition contending

20  Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the

21  petition.  See Brown, 610 F.2d at 677.

22         In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

23  under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective

24  to test the validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)

25  (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

26  inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

27  exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson

28  v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render

4

1  § 2255 inadequate.); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or

2  unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d

3  390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956).

4       The Ninth Circuit has also provided little guidance on what actually constitutes

5  "inadequate and ineffective" in relation to the savings clause.  It has acknowledged that "[other]

6  circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus

7  that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually

8  innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed

9  procedural shot" at presenting this claim." <u>Ivy</u>, 328 F.3d at 1059-60(citing <u>Lorentsen v. Hood</u>,

10 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted)).  The burden is on the petitioner to

11 show that the remedy is inadequate or ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83

12 (9th Cir. 1963).

13      In his petition, Petitioner has not alleged that § 2255 is either inadequate and ineffective.

14 Petitioner makes no claim that he has not has an "unobstructed procedural shot" at presenting his

15 arguments in the District Court for the District of Southern District of California.[2]  Indeed,

16 Petitioner does not indicate that he has ever attempted to file a motion for reconsideration in that

17 court.  Clearly, then, Petitioner has not established that § 2255 is inadequate or ineffective to

18 secure the relief he seeks.   Thus, should Petitioner wish to pursue this claim in federal court, he

19 must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

20 § 2255.[3]  Since Petitioner is challenging his conviction and sentence, the petition should be

21

22      [2]A motion for reconsideration of sentence pursuant to § 2255 *must be filed in the court where petitioner

23 *was originally sentenced*.  In this case, Petitioner does not expressly state the court in which he was convicted and
   sentenced.  However, based upon other documents filed by Petitioner, and from the facts alleged in the instant

24 petition, it does appear that Petitioner was convicted in San Diego, California, which is in the Southern District of
   California. (Doc. 13, p. 4).  Thus, that court would be the proper venue for filing a motion pursuant to § 2255.

25      [3]Petitioner appears to recognize that he should have filed his case in the Southern District of California

26 because he strenuously contends that § 2241(d) expressly permits him to file in this Court since California is a state
   with multiple federal districts.  (Doc. 1, pp. 43-44).  However, § 2241(d) does not support Petitioner's contention

27 since that statute is directed toward petitioners who file *habeas corpus petitions* in districts within states with
   multiple federal districts.  Here, as mentioned, the Court considers the petition to be a petition pursuant to § 2255.

28 <u>See Brown</u>, 610 F.2d at 677 (a petition contending Petitioner's sentence is invalid is still a § 2255 petition
   regardless of what Petitioner calls the petition.) Thus, § 2241(d) is inapplicable.

1    dismissed on the grounds that no relief under § 2241 can be afforded.

2           B.  Petitioner's Pending Motions Should Be Denied As Moot.

3           Subsequent to filing his petition, Petitioner filed the following motions: (1) on May 15,

4    2007, Petitioner filed a motion for release during the pendency of the petition (Doc. 5); (2) on

5    June 11, 2007, Petitioner filed a motion for summary judgment (Doc. 8); (3) on June 25, 2007, he

6    filed a motion for the Court to sign orders (Doc. 9); (4) on September 4, 2007, he filed a motion

7    for additional names of respondents (Doc. 12); (5) on October 26, 2007, Petitioner filed a motion

8    for entry of default judgment (Docs. 15 & 16); (6) on December 7, 2007, he filed a motion for

9    injunctive relief (Doc. 18); and (7) on January 11, 2008, he filed a motion for court decision.

10   (Doc. 19).

11          In light of the Court's determination herein that the petition seeks relief that a habeas

12   court cannot grant and that therefore the petition should be dismissed, the Court will also

13   recommend that these pending motions be dismissed as moot.

14                               **RECOMMENDATIONS**

15          Accordingly, the Court RECOMMENDS as follows:

16          1.  That the instant petition (Doc. 1), be DISMISSED because it does not allege grounds

17              that would entitle petitioner to relief under 28 U.S.C. § 2241;

18          2.  That Petitioner's pending motions for release during the pendency of the petition

19              (Doc. 5); motion for summary judgment (Doc. 8); motion for the Court to sign orders

20              (Doc. 9); motion for additional names of respondents (Doc. 12), motion for entry of

21              default judgment (Docs. 15 & 16), motion for injunctive relief (Doc. 18), and motion for

22              court decision(Doc. 19), be DENIED as MOOT.

23          These Findings and Recommendations are submitted to the United States District Judge

24   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

25   the Local Rules of Practice for the United States District Court, Eastern District of California.

26   Within twenty (20) days after being served with a copy of these Findings and Recommendations,

27   any party may file written objections with the Court and serve a copy on all parties.  Such a

28   document should be captioned "Objections to Magistrate Judge's Findings and

                                              6

1  Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u>

2  days (plus three days if served by mail) after service of the Objections.  The District Judge will

3  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

4  advised that failure to file objections within the specified time may waive the right to appeal the

5  Order of the District Judge.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6

7  IT IS SO ORDERED.

8  Dated:   **January 18, 2008**                                 **/s/ Theresa A. Goldner**

9                                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28